UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT THOUSAND,

                Plaintiff,

    v.                                              9:15-CV-1025
                                                        (MAD/ATB)

S. CORRIGAN, et. al.,

                Defendants.

---

APPEARANCES:

ROBERT THOUSAND
11-B-0026
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN          MARIA E. LISI-MURRAY, ESQ.
New York Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    Plaintiff pro se Robert Thousand commenced this civil rights action alleging violations of his constitutional rights arising out of his confinement by the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. Presently before the Court is plaintiff's motion for a preliminary injunction and/or temporary restraining order. Dkt.

No. 25, 28. Defendants oppose plaintiff's motion. Dkt. No. 27.

## II.     BACKGROUND

Plaintiff is presently incarcerated at Clinton Correctional Facility ("Clinton C.F."). In August 2015, plaintiff commenced this action seeking relief for the alleged violations of his constitutional rights during his confinement at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). Upon review of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte review: (1) Eighth Amendment excessive force claims against defendants, Great Meadow C.F. Correctional Officers S. Corrigan ("Corrigan"), D. Jones ("Jones") and R. Segovis ("Segovis"); (2) failure-to-protect claims against defendant, Great Meadow C.F. Sergeant F. Scarlotta ("Scarlotta"), and defendants, Great Meadow C.F. Corrections Officers, Edward C. Carpenter ("Carpenter") and M. O'Brien ("O"Brien"); (3) Fourteenth Amendment Due Process claims against defendant Hearing Officer Michelle Liberty ("Liberty"); and (4) supervisory claims against defendant Director of Special Housing Unit, Albert Prack ("Prack"). Dkt. No. 5, *generally*. On November 17, 2015, an answer was filed on behalf of defendants. Dkt. No. 16.

In the motion for injunctive relief, plaintiff alleges that he is forced to live in heinous conditions at Clinton C.F. in retaliation for filing the within lawsuit. Dkt. No. 25 at 2. Plaintiff also claims that Clinton C.F. "officials" are destroying his legal mail. *Id.* Plaintiff seeks an order directing "facility officials" to cease "their retaliation." Dkt. No. 25-1 at 1.

## III.    DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

*Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing *inter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y.

3

Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d at 482.  "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Amaker v. Fischer*, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012)  (citation omitted).   Conclusory assertions lacking supporting evidence will not support a preliminary injunction.  *Hancock v. Essential Resources, Inc.* 792 F.Supp. 924, 928 (S.D.N.Y. 1992).  "Preliminary injunction requests are frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65."  *Crichlow v. Fischer*, No. 12-CV-7774, 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015) (citation omitted).  Here, the injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff's transfer out of Great Meadow C.F. renders his request for injunctive relief moot.  *See, e.g., Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility.").  Further, plaintiff's application is denied because plaintiff seeks injunctive relief against individuals who are not parties to the action. Clinton "officials" are not defendants herein and to the extent that plaintiff seeks injunctive

4

relief against persons who are not parties to this in this action (i.e., non-defendants), the Court lacks subject matter jurisdiction to enjoin their actions. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State Univ. of N.Y.*, No. 86-CV-985, 635 F. Supp. 1243, 1246 (E.D.N.Y. May 15, 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enter., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted).

To the extent that plaintiff's motion could be construed as requesting relief from any named defendant, it is nonetheless subject to dismissal. Plaintiff claims that he is the victim of past harassment and retaliation and implies that he will be subjected to future harassment and retaliation. Plaintiff cannot rely upon past, illegal conduct to establish the likelihood of future harm. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983). Plaintiff's fear that he may suffer future harm at the hands of unidentified individuals is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury).

Finally, plaintiff's motion is further denied as plaintiff seeks relief that is unrelated to his underlying claims. The retaliation claims that are discussed in the motion for injunctive relief are wholly unrelated to plaintiff's Eighth Amendment excessive force claims, failure-to protect claims, and due process claims asserted against in the complaint. Thus, plaintiff cannot

establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Upon review, the Court finds that plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied in its entirety.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 9, 2016
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge