**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

ROBERT THOUSAND,

                     **Plaintiff,**

  vs.                                                    9:15-CV-01025
                                                           (MAD/ATB)

S. CORRIGAN, *Correctional Officer, Great Meadow Correctional Facility*; D. JONES, *Correctional Officer, Great Meadow Correctional Facility*; and R. SEGOVIS, *Correctional Officer, Great Meadow Correctional Facility*,

                     **Defendants.**

_____

**APPEARANCES:**

**YOUNG SOMMER LLC**
Executive Woods
Five Palisades Drive
Albany, New York 12205
Attorneys for Plaintiff

**HON. ERIC T. SCHNEIDERMAN**
New York Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**OF COUNSEL:**

**DAVID C. BRENNAN, ESQ.**
**JEFFREY S. BAKER, ESQ.**

**MARIA E. LISI-MURRAY, AAG**
**ADRIENNE J. KERWIN, AAG**

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On August 24, 2015, Robert Thousand ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. In his complaint, Plaintiff alleged, among other things, that Defendants Corrigan, Jones,

and Segovis assaulted him on January 27, 2014 while he was confined by DOCCS at Great Meadow Correctional Facility ("Great Meadow C.F."). *See id*. at ¶¶ 43-48.

Currently before the Court are the parties' motions *in limine*.

## II. BACKGROUND

The Court refers the parties to Magistrate Judge Baxter's December 5, 2016 Report and Recommendation granting Defendants' partial motion for summary judgment for a complete recitation of the relevant background facts.

## III. DISCUSSION

**A. Motions *in limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

In their motion *in limine* Defendants seek a ruling with respect to the following four issues: (1) the admissibility of Plaintiff's criminal conviction under Rule 609(a)(1)(A) and whether Defendants can discuss their knowledge of the conviction; (2) whether Plaintiff should

2

be granted a spoliation instruction relating to the weapon Plaintiff used on January 27, 2014; (3) whether any evidence relating to Plaintiff's disciplinary hearing that took place following the use of force should be admitted at trial since all claims relating to the proceeding have been dismissed; and (4) whether Plaintiff should be permitted to offer evidence that other inmates have made complaints or allegations of misconduct against Defendants and/or have commenced legal proceedings against them. *See* Dkt. No. 79 at 1-3. In his motion, Plaintiff is seeking a ruling on the following issues: (1) that the probative value of any evidence of Plaintiff's conviction will be substantially outweighed by its prejudicial effect; (2) any disciplinary actions or proceedings against Plaintiff should be excluded; (3) that Defendants are barred from introducing the criminal convictions of Plaintiff's witnesses; (4) that evidence regarding Plaintiff's mental health should be excluded; (5) that Defendants should be barred from introducing evidence of an alleged weapon since they intentionally destroyed it; (6) that Defendants' non-party witnesses should be excluded from the courtroom during trial; and (7) that any evidence related to the matters contained in the redacted documents must be precluded. *See* Dkt. No. 88.

**B.    Spoliation**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The district court is vested with wide discretion in determining the appropriate sanction. *See Reilly v. Nat-West Markets Group, Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2000) (citation

3

omitted).

To secure spoliation sanctions based on the destruction or delayed production of evidence, a moving party must prove the following: (1) the party having control over the evidence had an obligation to preserve or timely produce it; (2) the party that destroyed or failed to produce the evidence in a timely manner had a "culpable state of mind;" and (3) the missing evidence is "relevant" to the moving party's claim or defense, "such that a reasonable trier of fact could find that it would support that claim or defense." *Id*. "If these elements are established, a district court may, at its discretion, grant an adverse inference jury instruction insofar as such a sanction would 'serve . . . [the] threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation.'" *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012) (quotation omitted).

If a party has an obligation to preserve evidence, the degree of the party's culpability and the amount of prejudice caused by its actions will determine the severity of the sanctions to be imposed. *See Henkel Corp. v. Polyglass USA, Inc*., 194 F.R.D. 454, 456 (E.D.N.Y. 2000) (citations omitted). "Nonetheless, a court should never impose spoliation sanctions of any sort unless there has been a showing — inferential or otherwise — that the movant has suffered prejudice." *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc*., 282 F.R.D. 346, 353 (S.D.N.Y. 2012) (citing *Orbit One Commc'ns, Inc. v. Numerex Corp*., 271 F.R.D. 429, 441 (S.D.N.Y. 2010)).

A party seeking spoliation sanctions must show that the evidence at issue was "destroyed with a culpable state of mind." *Byrnie*, 243 F.3d at 109. In *Byrnie*, the Second Circuit held that

4

this prong of the spoliation test could be satisfied by showing that "the records were destroyed knowingly . . . or negligently." *Id.*

In the present matter, the Court finds that Plaintiff's request for spoliation sanctions should be denied. As noted above, the two of the stated purposes behind imposing spoliation sanctions are deterring parties from destroying evidence and placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction. That the first and second of these purposes are aimed at a party that both has the ability to destroy the evidence at issue and is responsible for the destruction, suggests that this sanction is inapplicable to these Defendants since Plaintiff has not shown that Defendants Corrigan, Jones, and Segovis had any control over the weapon, any duty to maintain it, or were in any way involved in the failure to preserve it. *See Grant v. Salius*, No. 3:09-cv-21, 2011 WL 5826041, *2 (D. Conn. Nov. 18, 2011).

Although the Second Circuit has not addressed this specific situation, where the parties against whom the adverse inference is sought had no duty or role with respect to the maintenance or destruction of the evidence at issue, several district courts have addressed similar scenarios. In *Grant*, the plaintiff sought a spoliation instruction against the defendant corrections officers when the defendants were unable to produce video and audio recordings of an alleged attack. *See Grant*, 2011 WL 5826041, at *1-*2. The evidence at issue was recorded by the prison's surveillance system and, unless it is copied or marked for storage within thirty days, the tapes are recorded over and cannot be retrieved. *See id.* Denying the request for sanctions, the district court held that the defendant corrections officers had no control over the recordings, had no duty to maintain them, and were not in any way involved in the failure to preserve the evidence. *See id.* at *2-*3; *see also Field Day, LLC v. County of Suffolk*, No. 04-cv-2202, 2010 WL 1286622,

*2-*4 (E.D.N.Y. Mar. 25, 2010) (holding that spoliation sanctions, including an adverse inference instruction, were unwarranted against the individual defendants because "[a]ny spoliation" was "attributable solely to the County" and the plaintiffs did not show that the individual defendants actually spoliated any evidence); *Braham v. Lantz*, No. 3:08-cv-1564, 2014 WL 1270096, *5-*7 (D. Conn. Mar. 27, 2014) (same).

Similarly, the Sixth Circuit in *Adkins v. Wolever*, 692 F.3d 499 (6th Cir. 2012), also a prisoner case, determined that the district court did not err in denying the plaintiff's request for an adverse inference as to the destruction of video footage. In that case, the defendant correction officer had no access to or control over the video and reasonably would have expected the prison's retention policy to cover the item. *See id.* at 502. On appeal, the plaintiff argued that the "'failure to impose a spoliation sanction against [the defendant] opens the door for [the prison] and other prisons to destroy evidence in all prisoner rights cases' because the prison itself is not subject to suit under the Eleventh Amendment, thus it would have an incentive to destroy evidence that is damaging to its employee's case." *Id.* at 506. The Sixth Circuit acknowledged the plaintiff's concern but reasoned that

> to hold that all defendants in situations like [the defendant's] must take affirmative steps to ensure that their employing prison continues to maintain evidentiary records for every incident with a prisoner would impose an added burden on prison employees. ... [T]o impose a rule to cover every such situation would unnecessarily interrupt a prison administrators' judgment as to how to operate their prisons and force prison employees to constantly second-guess their employer's ability to maintain potential evidence for possible litigation. That is not a burden we are willing to impose.

*Id.* The Sixth Circuit went to conclude that "[t]he more prudent path ... is to consider incidences raising spoliation questions on a case-by-case basis, considering the purposes of a spoliation sanction and the factors for determining whether one should be imposed." *Id.* at 507.

Additionally, the Court finds that the requested relief is not warranted because Plaintiff has failed to demonstrate how the production of the weapon is relevant to his case or how he is prejudiced by its destruction since photographs of the weapon still exist and have been produced in discovery. Even if the weapon was produced at trial, Plaintiff would still deny that he had a weapon on the date in question and Defendants would still argue that he did. The weapon itself would not assist Plaintiff in any way in proving his argument. *See Deanda v. Hicks*, 137 F. Supp. 3d 543, 557-58 (S.D.N.Y. 2015) (finding that the evidence at issue was not relevant to the argument proffered by the plaintiff and, therefore, spoliation sanctions were not warranted).

In addition to seeking an adverse inference, Plaintiff asks the Court for an order precluding Defendants from even mentioning the alleged weapon at trial or introducing photographs taken of the weapon. *See* Dkt. No. 88 at 12. Plaintiff's request is based, in part, on the fact that, on April 21, 2016, in response to a letter request from Plaintiff, Magistrate Judge Baxter issued a Text Order directing that Defendants' counsel to communicate Plaintiff's request to preserve the weapon to the appropriate official at DOCCS. *See id.* (citing Dkt. No. 24). According to Defendants, however, the weapon at issue was destroyed on April 7, 2015 pursuant to DOCCS retention policies. *See* Dkt. No. 79 at 2. Clearly, compliance with Magistrate Judge Baxter's Text Order was impossible since the weapon had been destroyed more than a year before it was issued. As such, the Court finds Plaintiff's argument unpersuasive.

As to the photographs, Plaintiff contends that they should not be allowed because "they could have been taken anywhere or of any weapon." Dkt. No. 88 at 12 n.1. The Court finds this objection to be premature. If Plaintiff has objections to the admissibility of these photographs on foundational grounds, he may raise any such objection at trial.

Based on the foregoing, the Court denies Plaintiff's request for a spoliation sanction and

Additionally, the Court finds that the requested relief is not warranted because Plaintiff has failed to demonstrate how the production of the weapon is relevant to his case or how he is prejudiced by its destruction since photographs of the weapon still exist and have been produced in discovery. Even if the weapon was produced at trial, Plaintiff would still deny that he had a weapon on the date in question and Defendants would still argue that he did. The weapon itself would not assist Plaintiff in any way in proving his argument. *See Deanda v. Hicks*, 137 F. Supp. 3d 543, 557-58 (S.D.N.Y. 2015) (finding that the evidence at issue was not relevant to the argument proffered by the plaintiff and, therefore, spoliation sanctions were not warranted).

In addition to seeking an adverse inference, Plaintiff asks the Court for an order precluding Defendants from even mentioning the alleged weapon at trial or introducing photographs taken of the weapon. *See* Dkt. No. 88 at 12. Plaintiff's request is based, in part, on the fact that, on April 21, 2016, in response to a letter request from Plaintiff, Magistrate Judge Baxter issued a Text Order directing that Defendants' counsel to communicate Plaintiff's request to preserve the weapon to the appropriate official at DOCCS. *See id.* (citing Dkt. No. 24). According to Defendants, however, the weapon at issue was destroyed on April 7, 2015 pursuant to DOCCS retention policies. *See* Dkt. No. 79 at 2. Clearly, compliance with Magistrate Judge Baxter's Text Order was impossible since the weapon had been destroyed more than a year before it was issued. As such, the Court finds Plaintiff's argument unpersuasive.

As to the photographs, Plaintiff contends that they should not be allowed because "they could have been taken anywhere or of any weapon." Dkt. No. 88 at 12 n.1. The Court finds this objection to be premature. If Plaintiff has objections to the admissibility of these photographs on foundational grounds, he may raise any such objection at trial.

Based on the foregoing, the Court denies Plaintiff's request for a spoliation sanction and

grants Defendants' request for relief regarding the same.

**C.     Criminal Convictions**

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250

8

(S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

### *1. Plaintiff's Conviction*

In the present matter, as to the first factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all Rule 609(a)(1) felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18. Plaintiff's conviction for manslaughter in the first degree is not particularly probative as to honesty and veracity. *See id.* (noting that convictions for violent or assaultive crimes generally do not relate to credibility).

As to the second factor, Plaintiff was convicted in 2010 and the conviction is now more than seven years old. The Court finds that the second factor is neutral.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, \*5 (E.D.N.Y. May 21, 2009). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

9

As in this case, the plaintiff in *Lewis* was an inmate who alleged that the defendant correction officers used excessive force. The plaintiff sought to preclude admission of his prior assault conviction because he feared its admission would result in undue prejudice. The court agreed, finding that

> [g]iven the facts of the current case, assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition. Informing the jury that [the plaintiff] has been convicted for a prior assault would be unacceptably prejudicial. Thus, while the fact that [the plaintiff] is a convicted felon serving a sentence of eleven years to life may be elicited, the charge on which he was convicted may not.

*Lewis*, 149 F.R.D. at 483 (footnote omitted).

The danger in this case, as in *Lewis*, is that the nature of Plaintiff's conviction might unfairly bias the jury against him. Although Plaintiff was convicted of manslaughter in the first degree as opposed to assault, his conviction is for a crime of violence. The Court is persuaded that the jury is likely to draw the inference from the nature of Plaintiff's conviction that he has the propensity to engage in violent behavior.

Finally, as to the fourth factor, it is undisputed that Plaintiff's credibility is a central issue in this case. Therefore, this factor weighs in favor of admitting the conviction for impeachment purposes.

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's felony conviction, as well as the date and the sentence imposed, outweighs the prejudicial effect of the evidence. However, the probative value of the name and nature of the conviction is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the date of Plaintiff's felony conviction and the sentence imposed is admissible; the name and nature of the conviction is not. *See Giles v. Rhodes*, No. 94 CIV. 6385, 2000 WL 1510004,

*1 (S.D.N.Y. Oct. 10, 2000) (noting that "numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense"); *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009)("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."); *United States v. Joe*, No. 07 Cr. 734, 2008 WL 2810169, *4 (S.D.N.Y. July 21, 2008) (holding that the government is restricted to inquiring about date of prior conviction and sentence imposed and precluded from inquiry into the statutory name of the offense or the facts underlying the conviction because "this detail poses a danger of unfair prejudice"); *Ramos v. Trifone*, No. 3:11-cv-679, 2015 WL 6509114, *5 (D. Conn. Oct. 28, 2015) (holding that the correctional officer defendants would only be permitted to introduce the date of the plaintiff's prior violent felonies and sentences imposed to impeach the plaintiff's credibility).

As to Defendants' request to testify as to their knowledge of Plaintiff's manslaughter in the first degree conviction, the request is denied. Defendants provide no information regarding the underlying nature of Plaintiff's criminal conviction and the fact that Plaintiff was convicted of a violent crime, five years before the events at issue in this case, does not justify admission of the nature of the criminal conviction. *See Ramos*, 2015 WL 6509114, at *6-*7. Even if Plaintiff's criminal conviction was relevant, its probative value is outweighed by the prejudicial effect the evidence would have on the jury. *See id.*

Based on the foregoing, the parties' motions are granted in part and denied in part.

### *2. Convictions of James Thomas and Curtis Walker*

Plaintiff contends that Defendants should be precluded from introducing the criminal convictions of James Thomas and Curtis Walker. *See* Dkt. No. 88 at 8-9. According to Plaintiff,

11

"James Thomas was convicted in 2005 (over ten years ago), and Curtis Walker was convicted in 1995 (over twenty years ago)." *Id.* at 9. Plaintiff does not specify their crimes of conviction, but contends that they are violent crimes and, therefore, their probative value is significantly outweighed by the prejudicial effect. *See id.* Defendants, however, argues that Rule 609(b) does not apply because both the inmates are still confined and evidence of their convictions should be admitted under Rule 609(a)(1)(A). *See* Dkt. No. 94 at 3. Defendants claim that they only intend to offer evidence as to the name, date and sentence for each witness' felony conviction. *See id.*

According to DOCCS' online inmate lookup, James Thomas was convicted of Robbery in the First Degree and Grand Larceny in the Fourth Degree and was sentenced to an aggregate sentence of twenty-five years to life. Curtis Walker was convicted of Manslaughter in the Second Degree, Murder in the Second Degree, and two counts of Robbery in the First Degree and was sentenced to an aggregate term of ninety-two years and six months to life.

First, as Defendants correctly contend, Rule 609(b) is inapplicable because both of these individuals are still incarcerated for these crimes. Further, the crimes at issue are not the types of crimes contemplated within the scope of Rule 609(a)(2). *See Hayes*, 553 F.3d at 827. As such, the Court must decide if they are admissible under Rule 609(a)(1)(A).

As to the first factor, the Court finds that the manslaughter and murder convictions, as with Plaintiff's conviction, are only moderately probative of credibility. The crimes of Robbery in the First Degree and Grand Larceny in the Fourth Degree, however, are slightly more probative of credibility. *See Estrada*, 430 F.3d at 618 (noting that "theft" crimes, as well as "crimes that involve evasions of responsibility or abuse of trust," rank "high on the scale of probative worth on credibility"). As such, the Court finds that the impeachment value of these convictions weighs in favor of their introduction. Second, these convictions are somewhat remote, which diminishes

12

their value. The third factor favors admitting the evidence, since these witnesses were not involved in the underlying excessive force and their crimes of conviction are, primarily, dissimilar to the events at issue. The fourth factor, the witnesses' credibility, also weighs in favor of the introduction of the evidence, because these witnesses are being called to corroborate Plaintiff's claims.

Based on the foregoing considerations, the Court finds that the probative value of the statutory names of the Robbery in the First Degree and Grand Larceny in the Fourth Degree convictions, as well as the dates and the sentences imposed, outweigh the prejudicial effect of the evidence. However, the probative value of the name and nature of the Manslaughter and Murder in the Second Degree convictions is substantially outweighed by the danger of unfair prejudice.

Based on the foregoing, the Court grants in part and denies in part Plaintiff's motion as it pertains to the witnesses' criminal convictions.

**D.    Disciplinary Record**

Plaintiff and Defendants agree that evidence relating to the disciplinary proceeding that resulted from the events of January 27, 2014 should be precluded. Further, Defendants have indicated that they do not intend to offer any evidence related to any other aspect of Plaintiff's DOCCS disciplinary history. As such, the Court grants those aspects of the parties' motions.

Plaintiff, however, seeks to exclude the Use of Force Report, Unusual Incident Report, the report generated from Sgt. Scarlotta's investigation into the use of force, and the memoranda ("To/Froms") written by Defendants and other witnesses to the relevant use of force. *See* Dkt. No. 88 at 6-8. As Defendants correctly contend, however, courts in the Second Circuit have repeatedly found that this evidence fits within the hearsay exception at Rule 803(6) of the Federal Rules of Evidence and that they are sufficiently trustworthy and relevant to allow into evidence.

*See Irizarry v. Corknard*, No. 9:10-cv-1022, 2012 WL 2990021, *5 (N.D.N.Y. July 20, 2012) (permitting the defendants to introduce the Use of Force Report relating to the underlying incident so long as they lay a sufficient foundation) (citations omitted); *Hynes v. Coughlin*, 79 F.3d 285, 294-95 (2d Cir.1996) (holding that, upon retrial, the defendants may introduce the Use of Force Report pursuant to Rule 803(6) so long as they are able to lay a sufficient foundation); *Jean–Laurent v. Wilkinson*, No. 05 Civ. 0583, 2009 WL 666832, *2 (S.D.N.Y. Mar. 13, 2009). Further, as Defendants correctly contend, the authors of the memoranda that were used to complete the Use of Force Report will be available for cross-examination, thereby minimizing Plaintiff's concerns that they are unreliable and self-serving. *See Parker v. Reda*, 327 F.3d 211, 215 (2d Cir. 2003).

Based on the foregoing, the Court denies Plaintiff's motion as it relates to the Use of Force Report, Unusual Incident Report, and memoranda completed in connection with the incident at issue.

**E.     Plaintiff's Mental Health**

Plaintiff argues that "Defendants should be precluded from introducing any evidence of prior diagnosis or mental health issues relating to [P]laintiff." Dkt. No. 88 at 9. In response, Defendants indicate that they "do not intend to offer any evidence relating to [P]laintiff's mental health." Dkt. No. 94 at 3. In view of Defendants' response, the Court grants Plaintiff's motion to preclude introduction of evidence regarding any prior diagnosis or mental health issues.

**F.     Non-Party Witnesses**

Plaintiff seeks an order precluding all non-party witnesses from the courtroom. *See* Dkt. No. 88 at 13. Defendants do not object to this request. *See* Dkt. No. 94 at 3. The Court agrees that, pursuant to Rule 615 of the Federal Rules of Evidence, non-party witnesses should be

14

excluded from the courtroom until after they have testified.

**G.     Evidence Related to Matters Contained in the Redacted Documents**

In a single sentence, without citation to any relevant authority, Plaintiff argues that "[a]ll redacted documents defendants offered during discovery should be precluded at trial because plaintiff was not afforded a fair opportunity to review the evidence relevant to his claims." Dkt. No. 88 at 13. In response, Defendants indicate as follows:

> Finally, on Friday, September 22, 2017 the undersigned offered to provide plaintiff's counsel with unredacted copies of five documents (six pages) sought by the plaintiff, . . . subject to the protective order in place in this case. . . Counsel for plaintiff refused my offer. . . The protective order in place permits counsel to seek relief from the court if she deems that a document should not be subject to the protective order. . . Had counsel accepted the documents subject to the protective order, she would have been on notice of their contents and able to prepare for their use at trial. Instead, she refused, and now seeks to preclude the use of the redacted information at trial.

Dkt. No. 94 at 3-4. Defendants further indicate that none of the five documents are on their exhibit list and three of the five documents are Defendants' injury reports that were completed following the relevant use of force. *See id.* at 4. Defendants claim that they intend to testify about the injuries that they suffered as a result of Plaintiff's actions on January 27, 2014 and those injuries are also depicted in photographs already disclosed to Plaintiff. *See id.* While Defendants claim that they do not intend to introduce the injury reports, "they remain willing to provide plaintiff's counsel with unredacted copies of the reports, and the two other redacted documents, pursuant to the protective order." *Id.*

Having considered the parties' positions, Plaintiff's conclusory request is denied. Having refused to accept Defendants' offer of delivery of these documents, Plaintiff would be hard pressed to successfully argue that discussion of the underlying subject matter would be unduly

prejudicial at trial.

## H.     Complaints or Allegations of Misconduct Against Defendants

Defendants ask the Court to preclude Plaintiff from offering any evidence that other inmates have made complaints or allegations of misconduct against Defendants.  *See* Dkt. No. 78 at 3.  In response, Plaintiff argues that "[t]o the extent any such information exists and may be used for impeachment purposes, that is a matter that is left for a ruling at trial and is not a proper subject for a motion *in limine*."  Dkt. No. 93.

As Defendants correctly note, the Court previously conducted an *in camera* review of Defendants' personnel and disciplinary files.  *See* Dkt. No. 57.  Upon review, the Court found that they are not material or relevant to this action and, therefore, denied Plaintiff's request for production.  *See id.*  Further, contrary to Plaintiff's conclusory assertion, this portion of Defendants' motion is an entirely appropriate subject for a motion *in limine* and the Court grants this aspect of Defendants' motion.  Having already conducted an *in camera* review of the documents and having determined that the information in Defendants' personnel and disciplinary files is "not material or relevant to this action," precluding their admission at trial is appropriate addressed in a motion *in limine*.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** Defendants' motion *in limine* (Dkt. No. 79) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 88) is **GRANTED in part and**

16

**DENIED in part**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 6, 2017
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge

---

[1] The Court notes that Plaintiff's reply memorandum of law in support of his motion *in limine* was docketed as a pending motion. *See* Dkt. No. 93. Since they do not seek any new relief in this "motion," the Clerk of the Court is directed to terminate this document as a pending motion.